FILED
OCT 24 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Julio Cesar CASTRO-Velasquez,<br><br>Defendant. | Magistrate Case No. 07MJ8842<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on October 15, 2007, to determine whether defendant Julio Cesar CASTRO-Velasquez, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the October 10, 2007, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.   The Defendant is charged in Criminal Complaint No. 07MJ8842 with the importation of 0.86 kilograms (1.89 pounds) of methamphetamine into the United States in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.   The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.   The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(2)(B). According to the United States Sentencing Guidelines, the Base Offense level is 32, See USSG § 2D1.1(4). Assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1., the sentencing range for the Defendant is 121-151 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)

1.   The Defendant was apprehended on October 10, 2007. The Defendant entered the United States, via the pedestrian primary lane at the Calexico, California, West Port of Entry. Customs & Border Protection Officer C. Estrada noticed a bulge on Defendant's left thigh and attempted to perform a pat down. Defendant attempted to abscond to Mexico but was physically restrained by GSA Security Guard S. Burquez. Defendant was escorted to secondary inspection area. Further search of Defendant revealed one package taped to his left thigh and one package taped to the right thigh. The packages contained a total weight of .086 kilograms (1.89 pounds) of methamphetamine.

C.   History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

1.   The Defendant is a citizen of Mexico.

2.   The Defendant resides with his parents in Calexico, California.

3. The Defendant is employed as a laborer.

4. The Defendant's wife and child reside in Mexicali, Baja California, Mexico.

5. The Defendant is a Resident Alien of the United States but is in danger of losing his immigration status if convicted of this offense.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

1. Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 07MJ8842, namely, the importation of 0.86 kilograms (1.89 pounds) methamphetamine into the United States in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 10-24-07

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

John F. Weis
Assistant U. S. Attorney

cc: Diane Regan of
Federal Defenders of San Diego, Inc.